**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc Ryan Shipley, | No. CV-20-00268-TUC-DCB |
| Petitioner, | CR 16-01061-TUC-DCB (JR) |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

Movant, Defendant Marc Ryan Shipley, files a Petition under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the Petition). The Court denies the Petition for all the reasons explained by the Government in its Response. (Doc. 4.)

On January 31, 2018, a jury convicted the Defendant of three counts of possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The Court sentenced him to 96 months in prison on each count, to run concurrently, followed by three years of supervised release.

The Defendant appealed his conviction. The Ninth Circuit Court of Appeals denied the appeal, a petition for rehearing and rehearing *en banc*, and entered the Mandate on August 16, 2019, affirming the convictions. On June 22, 2020, the Defendant/Movant filed this habeas Petition, pursuant to 28 U.S.C. § 2255. (Doc. 1.) On September 4, 2020, the Government filed a Response. (Doc. 4.) Movant did not file a Reply. The Court denies the habeas Petition for all the reasons explained by the Government in the Response. The bulk

of the arguments raised in the Petition are procedurally precluded, and two fail on the merits.

## Motion Under 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a petition for writ of habeas corpus should be presented to the court which imposed the allegedly improper judgment of conviction and sentence. 28 U.S.C. § 2255. According to Rule 4(a) of the Rules Governing Section 2255 Proceedings, the petition shall be directed to the judge who sentenced the petitioner. Therefore, this Court considers the merits of the pending Petition.

When a § 2255 motion is made, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon." 28 U.S.C. § 2255. The standard is whether the Movant has made specific factual allegations that, if true, state a claim on which relief could be granted. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.1980). A hearing must be granted unless the allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *Baumann v. United States*, 692 F.2d 565, 571, 581 (9th Cir.1982).

Movant alleges nine grounds for relief under 28 U.S.C. § 2255 in the habeas Petition. In Ground One, he alleges that *Rehaif v. United States,* 139 S. Ct. 2191 (2019), applies to his case retroactively. In Ground Two, he alleges that his attorneys were ineffective in reviewing and explaining the plea agreement. In Ground Three, Movant asserts a Fourth Amendment violation. In Ground Four, he alleges that his double jeopardy rights were violated. In Ground Five, Movant claims his attorney failed to meet with him before filing a response regarding the pretrial sentencing report and counsel failed to address inaccuracies in the report. In Ground Six, Petitioner asserts a violation under *Brady v. Maryland*, 373 U.S. 83 (1963). In Ground Seven, Movant claims that counsel rendered ineffective assistance concerning restoration of his right to possess firearms. In Ground Eight, he alleges that agents obtained warrants based upon false

statements. In Ground Nine, he alleges counsel repeatedly failed to file motions pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

The Movant relies on new law, *Rehaif v. United States,* 139 S.Ct. 2191 (2019), which was decided after his appeal. The Supreme Court held that in a firearm case prosecuted under 18 U.S.C. § 922(g), the Government must prove defendant's knowledge of the circumstance that causes him to be prohibited from possessing firearms and ammunition.  *Id.* at 2200. Movant argues that *Rehaif* supports his defense at trial that he did not know he was illegally in possession of a firearm because he believed his right to bear arms had been reinstated by a state court order. The Court rejected this argument because the state court issued this Order on December 14, 2006, prior to the 2008 federal felony conviction relied on by the Government as the predicate felony element for the § 922(g) offense. Additionally, the Court reviewed the transcript and minute entry from the state proceeding and found that Judge Bryson told the defendant he had no jurisdiction to restore Defendant's right to possess guns pursuant to federal law.

In the context of the Movant's argument that he didn't know he could not legally possess a firearm, *Rehaif* does not aid him. The Supreme Court did not change the generally accepted rule that a mistake of law is not a defense to criminal activity. It remains true that the Government need only prove that the Defendant consciously possessed what he knew to be a firearm, and there is no requirement to know his possession is unlawful. Similarly, under *Rehaif,* the Government need only prove that the Defendant knew he was a member of one of the nine categories of individuals prohibited from receiving, shipping, transporting, or possessing firearms and ammunition, including being a convicted felon. 18 U.S.C. § 922(g)(1). Prior to *Rehaif* the Government only had to prove knowledge related to possessing the firearm, not knowledge of the felony conviction, which requires a showing by uncontroverted evidence that a defendant was sentenced to more than a year in prison.

Here, the parties stipulated that the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, i.e., a felony. The

Government did not prove the Defendant knew he was a convicted felon. As explained in the Response to the 2255 habeas Petition, the Movant cannot show that refusing to correct this error would result in a miscarriage of justice because on a retrial, the Government could show that he was sentenced to 24 months in prison and served at least 21 months in prison for these convictions. (Response (Doc. 4) at 8 (citing Presentence Report ¶ 37)). There is, therefore, undisputable evidence that on retrial would establish the Movant knew he was a convicted felon because he actually served a sentence for a felony conviction. *Johnson,* 963 F.3d at 851-54; *United States v. Benamor,* 937 F.3d 1182, 1185-86 (9th Cir. 2019)).

Movant's assertion of an entrapment by estoppel defense is not aided by *Rehaif* because it requires reliance "'either on a federal government official empowered to render the claimed erroneous advice, or on an authorized agent of the federal government who, like a licensed firearms dealer, has been granted the authority to render such advice.'" (Response (Doc. 4) at 9 (quoting *United States v. Brebner,* 951 F.2d 1017, 1026-27 (9th Cir. 1991)).  Movant simply never alleged or presented evidence of any such reliance.

The Government is correct that Ground One, which relied on *Rehaif,* and Ground Seven, to the extent it relied on *Rehaif,* fail on the merits. For the reasons explained in the Response, Grounds Two, Four, Five, Six, Eight, and Nine are procedurally precluded because Movant could have raised these claims but failed to raise them on direct appeal. (Response (Doc. 4) at 2-3.) Grounds Three and Seven are procedurally precluded because they were actually resolved on direct appeal and resolved against him. *Id.* at 4-5.

Grounds Two, Five, and Nine involve allegations of ineffective assistance of counsel. The Court takes the easier avenue for disposition of these claims, which is to deny them because the Movant fails to identify prejudice flowing from them. *See Strickland v. Washington,* 466 U.S. 668, 687-88, 692 (1984) (describing two prong test: 1) counsel's representation fell below an objective standard of reasonableness and 2) counsel's deficient performance prejudiced the defendant). Movant alleges only errors.  Ground Two alleges his attorneys failed to: listen to him, bring a valid argument regarding his desired defense,

submit exculpatory phone records, conduct pretrial investigation or request exculpatory evidence, research applicable definitions, object to the sentencing guideline calculations, reschedule a pretrial hearing when he was injured in the holding cell, call exculpatory witnesses, and inform him of the terms of the plea offer.  In Ground Five, he alleges his attorney at sentencing failed to meet with him about the Presentence Report and did not correct an error in his criminal history category. In addition to utterly failing to explain how these errors caused prejudice, the record reflects that a *Franks* hearing was held. To show prejudice, the Movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, i..e., the alleged errors are sufficient to undermine confidence in the outcome. (Response (Doc. 4) at 6 (citations omitted). He has not even asserted as much.

In addition to being procedurally barred, the ineffective assistance of counsel claims raised in Grounds Two, Five, and Nine fail on the merits.

## Conclusion

The Movant's allegations in the habeas Petition, viewed against the record, do not state a claim for relief and summary dismissal, without a hearing, is warranted.

**Accordingly,**

**IT IS ORDERED** that the Motion to Modify and Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 341) filed in CR 16-1061 TUC DCB and (Doc. 1) filed in CV 20-268 TUC DCB is DENIED.

**IT IS FURTHER ORDERED** that Civil case number CV 020-268 TUC-DCB is DISMISSED with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED**, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural

/////
/////
/////

rulings debatable and because reasonable jurists would not find the Court's assessment of the merits of the alleged constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 3rd day of November, 2020.

David C. Bury
United States District Judge