**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc Ryan Shipley,<br><br>    Petitioner,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | No. CV-20-00268-TUC-DCB<br>No. CR-16-01061-TUC-DCB (JR)<br><br>**ORDER** |

      On November 3, 2020, this Court denied the Motion filed by Defendant Marc Ryan Shipley, under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the Petition). The Clerk entered Judgment.

      On December 3, 2020, the Petitioner filed a Motion to Correct the Judgment, treated by the Court like a Motion for Reconsideration. He claimed that he had not been served with a copy of the Government's response to his Petition, and therefore, had not filed a Reply. The Court asked the Government to respond to this accusation. It did and admitted that it failed to properly serve the Response on the Petitioner. Nevertheless, the Government argues that the Court should not grant reconsideration because nothing the Petitioner might present in a Reply would change the merits of the Court's dismissal of the Petition.

      When the Court called for the Government to respond to the Petitioner's Motion for Reconsideration, it ordered that there should be no Reply to the Response to the Motion for Reconsideration. The Court did, however, give the Petitioner leave to file a Reply to

the Response to the Petition in the event the Government failed to show it was served on the Petitioner. (Order (Doc. 10)). The Government has now served the Response to the Petition on Petitioner, and he has filed a reply Memorandum. (Doc.12).

The Court will not reconsider its dismissal of this case. It remains true that "[t]he bulk of the arguments raised in the Petition are procedurally precluded, and two fail on the merits." (Order (Doc. 5) at 1-2.) Grounds Two, Four, Five, Six, Eight, and Nine are procedurally precluded because they could have been, but were not, raised on direct appeal; Grounds Three and Seven are procedurally precluded because they were resolved against the Petitioner on direct appeal. The only ground not precluded is Ground One, where he alleges that new law, decided after his appeal, *Rehaif v. United States*, 139 S. Ct. 2191 (2019), applies to his case retroactively.

In *Rehaif*, the Supreme Court held that in a firearm case prosecuted under 18 U.S.C. § 922(g), that the Government must prove defendant's knowledge of the circumstance that causes him to be prohibited from possessing firearms and ammunition. *Id.* at 2200. He argues *Rehaif* supports his defense at trial that he did not know he was illegally in possession of a firearm because he believed his right to bear arms had been reinstated by a state court order. The Court stands by its determination that *Rehaif* does not aid him in the context of this argument because the Supreme Court did not change the generally accepted rule that a mistake of law is not a defense to criminal activity. Prior to *Rehaif,* the Government only had to prove knowledge related to possessing the firearm, not knowledge of the felony conviction, which requires a showing by uncontroverted evidence that a defendant was sentenced to more than a year in prison.

Any error attributable to the Defendant's stipulation to having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, i.e., a felony, would not result in a miscarriage of justice because on a retrial, the Government could show that he was sentenced to 24 months in prison and served at least 21 months in prison for these convictions. "There is, therefore, undisputable evidence that retrial would

establish the Movant knew he was a convicted felon because he actually served a sentence for a felony conviction." (Order (Doc. 5) at 4) (citations omitted).

The Court affirms its dismissal on the merits of Grounds Two, Five, and Nine, which involve allegations of ineffective assistance of trial counsel. In total, Petitioner asserts trial counsel failed as follows: to secure exculpatory phone records which would have shown he did not call his girlfriend to ask her to remove his gun from her house; to request exculpatory body-cam evidence which would have shown the officer who responded to the traffic accident did not see the guns in his car; to conduct pretrial investigation research of applicable definitions for firearms; to reschedule a second *Franks* pretrial hearing when he was injured in the holding cell; to call exculpatory witnesses; to inform him of the terms of the plea offer, and to object to the sentencing guideline calculations. Trial counsel did, however, challenge the search warrant based on the alleged inability of the responding officer to observe serial numbers and make and model of the weapons. Even now, it is not disputed that the Defendant was in possession of the guns at the traffic accident. A law enforcement officer overheard the telephone call to Defendant's girlfriend, and a *Franks* hearing was held.

In short, Petitioner's arguments of ineffective counsel are aimed at the ineffectiveness of the arguments, not an actual failure to make them. The alleged failures do not fall below an objective standard of reasonableness. He fails to show that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different, i..e., the alleged errors are sufficient to undermine confidence in the outcome. Once the search warrant survived challenge, the evidence was overwhelming that he was a convicted felon in possession.

The Court affirms its finding that he failed to meet his burden under *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984), which requires a showing that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defense. Under this highly deferential standard, this

Court found the alleged errors were the type of trial strategy choices falling within the wide range of reasonable professional assistance.

The Court denies reconsideration of the Order denying the Petition.

**Accordingly,**

**IT IS ORDERED** that the Motion [for Reconsideration] of the Court's Order and Clerk's Judgment (Doc. 9) is DENIED.

**IT IS FURTHER ORDERED** that a copy of this Order shall be sent to the Clerk of the Court for the Ninth Circuit Court of Appeals (No. 20-17303).

Dated this 3rd day of May, 2021.

_____
Honorable David C. Bury
United States District Judge

Copy to 9th circuit and add criminal case.